1  GREGORY A. BROWER
   United States Attorney
2  ROGER YANG
   Assistant United States Attorney
3  333 Las Vegas Boulevard South
   Suite 5000
4  Las Vegas, Nevada 89101
   (702)388-6336/Fax: (702)388-5087
5

```
                                    FILED

                                 ┌─ 3 ┐ · 2009

                            CLERK, U.S. DISTRICT COURT
                               DISTRICT OF NEVADA
                            BY_____.DEPUTY
```

6              **UNITED STATES DISTRICT COURT**

7                  **DISTRICT OF NEVADA**

8                          *-oOo-*

9  UNITED STATES OF AMERICA            )
                                       )
10            Plaintiff,               )   2:08-cr-00199-PMP-PAL
                                       )
11     vs                             )   **PLEA MEMORANDUM**
                                       )
12  FRANK LOUIS SMEDILE,               )
                                       )
13            Defendant.               )
    _____)

14

15          The United States, by and through GREGORY A. BROWER, United States Attorney,

16  and Roger Yang, Assistant United States Attorney, the Defendant, Frank Louis Smedile, and the

17  Defendant's attorney, Seth P. Chazin, of the Law Offices of Seth P. Chazin, submit this plea

18  memorandum.

19                               **I.**

20                        **PLEA AGREEMENT**

21          The United States and the Defendant have reached the following plea agreement, which

22  is not binding on the court:

23  . . .

24  . . .

25  . . .

26  . . .

**A.   The Plea**

The Defendant, Frank Louis Smedile, will plead guilty to count one of the indictment charging him with Receipt of Child Pornography in violation of 18 U.S.C. Section 2252A(a)(2). Defendant also agrees the forfeiture of the property set forth in the Forfeiture Allegation of the Criminal Indictment.

**B.   Additional Charges and Dismissal of Other Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against the Defendant arising out of the investigation in the District of Nevada that resulted in this Plea Memorandum. The other counts in the indictment will be dismissed.

**C.   Sentencing Guideline Calculations**

Defendant is aware that the Court will impose his sentence after consideration of the Federal Sentencing Guidelines and Policy Statements (hereinafter, the "Sentencing Guidelines" or "Guidelines") and that the Court will determine the applicable Guidelines relying in part on the results of a Pre-sentence Investigation by the Court's Probation Office, which investigation will commence after his guilty plea has been entered. Defendant is also aware that the Guidelines are advisory and not binding on the Court and under certain circumstances, the Court may depart from the applicable Guideline range and impose a sentence that is either more severe or less severe than the Guideline range. The defendant is further aware that the sentence imposed will not provide for or permit parole. The defendant understands and acknowledges that the Court has the authority to impose any sentence up to the statutory maximum authorized by law for the offense to which he is pleading guilty and that the defendant may not withdraw his guilty plea solely as a result of the sentence imposed. The parties stipulate to and recommend that the Court apply the following calculations:

1.   The Base Offense Level is 22 (§2G2.2(a)(2)).

2.   The defendant will receive a two-level downward departure for receipt only under §2G2.2(b)(1).

2

3.     The United States will seek a two-level enhancement because this case involves images and videos depicting pre-pubescent minors (§2G2.2(b)(2)).

4.     The United States will seek a four-level enhancement because this case involves images and videos depicting sadistic or violent conduct (§2G2.2(b)(4)).

5.     The United States will seek a two-level enhancement because he used a computer to commit the offense (§2G2.2(b)(6)).

6.     The United States will seek a five-level enhancement because the number of images the defendant received was over 600 (§2G2.2(b)(7)(D)).

7.     Pursuant to USSG §3E1.1(a) the United States will recommend that defendant receive a three-level adjustment for acceptance of responsibility unless defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of pretrial release.

8.     Defendant agrees that the court may consider any counts dismissed under this agreement, along with all other relevant conduct whether charged or uncharged, in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

9.     Defendant's Criminal History Category will be determined by the Court.

**D.     Other Sentencing Matters**

1.     The defendant will seek neither a downward departure pursuant to U.S.S.G. 5K1.1 nor a downward adjustment pursuant to 18 U.S.C. Section 3553 from any sentence that may be imposed within the applicable sentencing range.

2.     The United States will recommend that defendant be sentenced to the low end of the Guideline range unless defendant commits any of the acts that could result in a loss of the

3

downward adjustment for acceptance of responsibility, and unless the low-end of the Guideline range is less than the five-year mandatory minimum sentence required by statute. The defendant understands that he can not and will not receive a sentence that is lower than five years.

    3.  Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: where defendant resides; where defendant is an employee; and where defendant is a student. Defendant understands that the requirements for registration include providing defendant's name, defendant's residence address, and the names and addresses of any places where defendant is or will be an employee or a student, among other information. Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student not later than three business days after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment, or both.

    4.  The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, defendant will not withdraw defendant's plea of guilty.

    5.  The stipulations in this agreement do not bind either the United States Probation Office or the court. Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

. . .

. . .

4

### E.   Fines and Special Assessment

1.   Defendant agrees that the court may impose a fine due and payable immediately upon sentencing.

2.   Defendant will pay the special assessment of $100 per count of conviction at the time of sentencing.

### F.   Forfeiture

1.   Defendant agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal judicial forfeiture of the a) computer images, including movie and still image files, depicting a minor engaging in sexually explicit conduct and the diskettes and hard drives on which they are maintained; b) five (5) CDs determined to contain child pornography; c) the Toshiba Satellite laptop, serial number Y3040858C and any CDs containing child pornography seized in San Francisco.

2.   Defendant agrees to abandon or to forfeit to the United States of America voluntarily and immediately his/her right, title, and interest in the property.

3.   Defendant agrees to make no claim to the property in any abandonment proceeding, any civil administrative forfeiture proceeding, any civil judicial forfeiture proceeding, or any criminal judicial forfeiture proceeding.

4.   Defendant knowingly and voluntarily waives his/her right to any abandonment proceeding, any civil administrative forfeiture proceeding, any civil judicial forfeiture proceeding, or any criminal judicial forfeiture proceeding concerning the property.

5.   Defendant knowingly and voluntarily waives the statute of limitations, the CAFRA requirements, and the constitutional due process requirements of any abandonment proceeding, any civil administrative forfeiture proceeding, any civil judicial forfeiture proceeding, or any criminal judicial forfeiture proceeding concerning the property.

6.   Defendant knowingly and voluntarily waives his/her right to a jury trial on the forfeiture of the property.

7.     Defendant knowingly and voluntarily waives (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine concerning, the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal judicial forfeiture of the property.

8.     Defendant agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal judicial forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to the abandonment or the forfeiture.

**G.   Waiver of Appeal**

1.     In exchange for the concessions made by the United States in this plea agreement, defendant knowingly and expressly waives the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court unless the mandatory minimum sentence falls below the applicable Sentencing Guideline range, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or higher than the sentencing guideline range contemplated by the parties in section C above (adjusted offense level 30).

2.     Notwithstanding the stipulations in this agreement, the parties are free to argue on appeal and collateral review that the court's sentencing guidelines calculations are not error. However, each party agrees to maintain its view that the calculations in section C are consistent with the facts of this case.

. . .

. . .

6

**H.**  **Additional Promises, Agreements, and Conditions**

1.  In exchange for the United States entering into this agreement, defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against defendant under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event defendant does not plead guilty or withdraws defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on defendant's behalf; and (b) defendant expressly waives any and all rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2.  The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum, and will not be entered into unless in writing and signed by all parties.

**I.**  **Limitations**

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving defendant, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

**II.**

**PENALTY**

1.  The penalty for violating Title 18, United States Code, Section 2252A(a)(2) is not less than five (5) years imprisonment and not more than twenty (20) years imprisonment, a fine of not more than two hundred fifty thousand dollars ($250,000), or both.

2.  Defendant is subject to supervised release for any term of years including life.

7

3.      Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4.      Defendant must pay a special assessment of one-hundred ($100) for each count of conviction.

5.      Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless defendant establishes that defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## III.

## ELEMENTS

The essential elements for the crime of Receipt of Child Pornography, Title 18, United States Code, Section 2252A(a)(2), are the following:

1.      Defendant knowingly received;

2.      Any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or

3.      Any material that contains child pornography that has been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer.

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

1.      Defendant is pleading guilty because defendant is guilty of the charged offense.

2.      In pleading to the offense(s), defendant acknowledges that if defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish defendant's guilt beyond a reasonable doubt.

3.     Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

4.     On October 3, 2006, defendant arrived at San Francisco International Airport from Bangkok, Thailand. A border search revealed child pornography that provided probable cause for agents to search defendant's Las Vegas home.

5.     Immigration and Customs Enforcement ("ICE") obtained a search warrant for the defendant's home at 7896 Monaco Bay Court in Las Vegas, Nevada. During the subsequent search, agents seized 29 CDs. A forensic examination of the CDs revealed that five (5) of them contained child pornography. Disc 1 contained approximately eight (8) child pornography video files. Disc 2 contained five (5) image files and thirty two (32) video files of child pornography. Disc 3 contained eight (8) child pornography video files. Disc 4 contained one hundred and seventy six (176) image files and two (2) video files of child pornography. Disc 28 contained fifty eight (58) child pornography image files.

6.     Among the video files are videos depicting the vaginal and anal penetration of pre-pubescent girls by adults.

7.     The images and video files were not manufactured in the State of Nevada.

## V.

## ACKNOWLEDGMENT

1.     Defendant, acknowledges by defendant's signature below that defendant has read this Memorandum of Plea Agreement, that defendant understands the terms and conditions, and the factual basis set forth herein, that defendant has discussed these matters with defendant's attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

2.     Defendant acknowledges that defendant has been advised, and understands, that by entering a plea of guilty defendant is waiving, that is, giving up, certain rights guaranteed to defendant by law and by the Constitution of the United States. Specifically, defendant is giving up:

9

1         a.    The right to proceed to trial by jury on the original charges, or to a trial

2  by a judge if defendant and the United States both agree;

3         b.    The right to confront the witnesses against defendant at such a trial, and

4  to cross-examine them;

5         c.    The right to remain silent at such trial, with such silence not to be used

6  against defendant in any way;

7         d.    The right, should defendant so choose, to testify in defendant's own

8  behalf at such a trial;

9         e.    The right to compel witnesses to appear at such a trial, and to testify in

10  defendant's behalf; and,

11         f.    The right to have the assistance of an attorney at all stages of such

12  proceedings.

13      3.    Defendant, defendant's attorney, and the attorney for the United States

14  acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by

15  and between the parties, and that no other promise has been made or implied by either defendant,

16  defendant's attorney, or the attorney for the United States.

17

18            GREGORY A. BROWER
          United States Attorney

19

20

21  **2·4·09**
  DATED                ROGER YANG

22                 Assistant United States Attorney

23

24  **2-4-09**

25    DATED                FRANK LOUIS SMEDILE
               Defendant

26

1    2-4-09

2    _____          _____
     DATED                        SETH P. CHAZIN
3                                 Counsel for Defendant

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

11