**LAW OFFICES OF SETH P. CHAZIN**
Seth P. Chazin  CA SBN 133777
**Attorney at Law**
**1164 Solano Avenue**
**Albany, CA  94706**
**Telephone: (510) 507-8100**
**Facsimile: (510) 525-0087**
**Email: crimatty@earthlink.net**

**ATTORNEY FOR DEFENDANT**
**FRANK LOUIS SMEDILE**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) No. 08-CR-00199-PMP-PAL |
| | ) |
| **Plaintiff,** | ) **DEFENDANT'S SENTENCING** |
| | ) **MEMORANDUM** |
| **vs.** | ) |
| | ) **Date: May 11, 2009** |
| **FRANK LOUIS SMEDILE** | ) **Time: 1:30 p.m.** |
| **Defendant.** | ) **The Hon. Philip M. Pro** |
| | ) |
| | ) |
| _____ | )) |

## INTRODUCTION

Defendant Frank Smedile pled guilty to a violation of 18 U.S.C. §2252A (a) (2), Receipt of Child Pornography. The written plea agreement contemplates an adjusted offense level of 30 and that the government will recommend a sentence of 97 months (low end of the Sentencing Guidelines). The probation officer also calculates an adjusted offense level of 30 and a Criminal History Category I, resulting in an advisory guideline range of 97 to 121 months. As required, the probation officer reviewed 18 U.S.C. § 3553(a) for guidance in determining an appropriate sentence.

1

1    The Court must consider all of the factors outlined in 18 U.S.C. § 3553(a), not just the

2    guidelines, in determining a sentence that is sufficient, but not greater than necessary to meet the

3    goals of sentencing. *United States vs. Booker*, 125 S.Ct. 738 (2005). The primary directive in 18

4    U.S.C. § 3553(a) is for sentencing courts to impose a sentence which is sufficient, but not greater

5    than necessary, to comply with the four objectives of sentencing: (1) to provide just punishment;

6    (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further

7    crimes of the defendant; (4) and to provide the defendant with effective rehabilitative treatment.

8

9

10

11                                            **ARGUMENT**

12

13                                                **I.**
     **THE COURT SHOULD ORDER A TERM OF FIVE YEARS SUPERVISED RELEASE**
14       **RATHER THAN THE LIFETIME TERM RECOMMENDED BY PROBATION**

15

16       The presentence report recommends a term of lifetime supervision on Supervised

17   Release.  There are no aggravating factors that warrant such a recommendation and the Probation

18   Officer provides no factual or legal grounds to support his recommendation for lifetime

19   supervision.

20       Given Mr. Smedile's lack of prior criminal record including the lack of any other history

21   involving sexual exploitation of minors, the conclusion by two psychologists that he is not a

22   pedophile, that he is a low risk to re-offend and that he is amenable to treatment (See reports of

23   evaluations by John Paglini, Psy.D. and Jeremy Coles, Ph.D.), he is just the type of offender for

24   which the low end of the Guideline range is appropriate.  Thus, the court should sentence Mr.

25   Smedile to a term of 5 years of supervised release.

26

27

28

                                                  2

**II.**

**THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT SHOULD BE CONSIDERED BY THE COURT**

In determining a minimally sufficient sentence, 18 U.S.C. § 3553(a) directs the court to look at the nature and circumstances of the offense and the history and characteristics of the Defendant.

In the instant case, agents seized 239 images and 50 video files of child pornography. According to USSG §2G2.2(b)(7) and (comment n.4(B)(ii), each video is equal to 75 images and the presentence report (hereafter "PSR") calculates a total of 3,989 images. The counting method unduly increases the number of images by almost 100 fold. Indeed, a defendant need only possess 6 video files to receive the maximum upward adjustment for number of images. The counting method, which treats each video as equal to 75 images, overstates the seriousness of the offense conduct and thus should be taken into consideration.

Furthermore, with respect to Mr. Smedile's personal history and characteristics, he is a 44-year-old male who was raised in a loving, stable family. Other than an arrest for Driving Under the Influence 23 years ago, he has no prior criminal record. Mr. Smedile has a stable employment history and at times, was employed at two positions. Mr. Smedile was involved in a horrendous near-fatal pedestrian accident when he was struck by an automobile when he was a child. Mr. Smedile suffers from chronic back pain and a constant, severe ringing in his right ear. He has been diagnosed with panic disorder, making his incarceration more difficult than that that experienced by typical offenders. Again, Mr. Smedile has also been evaluated by two psychologists as a low risk to re-offend and amenable to probation supervision.

**III.**

**A SENTENCE AT THE LOW END OF THE GUIDELINE RANGE MORE THAN ADEQUATELY REFLECTS THE SERIOUSNESS OF THE OFFENSE AND PROVIDES JUST PUNISHMENT.**

Mr. Smedile did not attempt to trade or send images to others, and did not place himself in situations, activities or employment to be near children. A low end sentence of 97 months more than adequately reflects the seriousness of this offense of receiving child pornography.

3

With respect to just punishment, the defendant assumes that the Court is well aware of the inhumane and dangerous conditions to which inmates are exposed and subjected at the North Las Vegas Detention Center. This treatment has been the subject of harsh criticism and review. These conditions are magnified for a person who suffers from panic attacks. Mr. Smedile has endured 10 months living in these conditions. In addition to a lengthy period of incarceration, he will be a convicted felon and he will bear the burden of the stigmas and prejudices associated with being a convicted, registered sex offender.

## IV.
## A SENTENCE AT THE LOW END OF THE GUIDLINE RANGE MORE THAN PROVIDES FOR DETERRANCE AND PROTECTION OF THE PUBLIC

With respect to deterrence and protecting the public, Dr. Paglini found that Mr. Smedile is not a pedophile and does not exhibit any evidence of extreme minimization or denial of sex offenses and that Mr. Smedile has not endorsed attitudes that support or condone sexual violence. Dr. Paglini concluded that Mr. Smedile has a very healthy attitude towards intervention and recommended that he continue treatment pertaining to his viewing of child pornography and other forms of pornography.

Jeremy Coles, Ph.D, found that Mr. Smedile is not a pedophile and does not possess characteristics commonly associated with pedophiles. His risk for future sex offenses is extremely low. Dr. Coles noted, "There appears to be very minimal sexual deviancy in his psychological make-up which leads me to opine that there is no compulsive, driving force behind his sexual activity and desire." Both Dr. Paglini and Dr. Cole concluded that Mr. Smedile is not a pedophile, is a low risk for re-offense, and recommended continued treatment.

It should also be noted that Mr. Smedile entered sex offender treatment at Evergreen on his own volition and participated in this intensive program from January 30, 2007 until he went into custody on July 30, 2008. His determination to seek and participate in intensive group and individual sex offender treatment and his desire to continue treatment increase his chances for success under supervision and reduce the likelihood of recidivism.

4

V.

## THE SENTENCE CONTEMPLATED BY THE PARTIES AND RECOMMENDED BY THE PROBATION OFFICER IS MORE THAN ADEQUATE IN LIGHT OF THE APPLICABLE GUIDELINES, SENTENCING RANGES AND POLICY STATEMENTS.

There is a growing concern that the Guidelines for child pornography have been unduly increased:

The primary Guideline in the instant case is USSG §2G2.2.  That Guideline has undergone 11 amendments since it was first promulgated on November 1, 1987.   These amendments, by and large, were the result of Congressional directives, i.e., legislative fiats requiring the Commission to modify the Guideline per Congress' requirements.    Such Congressional directives, while legally permissible, do not comport with the "institutional role" of the Commission as an expert sentencing agency tasked with developing empirically-based sentencing guidelines in consultation with penalogical and sociological experts.  As the District Court for the Eastern District of Wisconsin noted with respect to USSG §2G2.2, in its current iteration, it "diverges significantly from the Sentencing Commission's typical, empirical approach, and [can] produce[s] a sentence greater than necessary to provide just punishment." United States v. Hanson, 561 F. Supp. 2d 1004,  1008 (E.D. Wisc. 2008); United States v. Stern, __ F. Supp. 2d __, 2008 WL 5273714, *_ (N.D. Ohio, Dec. 19, 2008)("The Court is particularly troubled that the Guidelines for sentencing those who possess child pornography 'have been repeatedly raised despite evidence and recommendations by the [United States Sentencing] Commission to the contrary.'") (Quoting Hanson, 561 F.Supp.2d at 1009).

According to a recent study, "[o]ver the last six years, the mean imposed sentence on [child pornography] offenders has increased an average of 11.9 months per calendar year." Troy Stabenow, Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines 2 (2008)(hereinafter "Stabenow"). In fact, the mean sentence in 2007 for child pornography was 109.6 months versus only 36 months in 1995, or over a 300%+ increase "in the *typical* imposed sentence." Id. at 3.

The reason for this dramatic increase in child pornography sentences was that:

> [T]he changes to the child pornography guidelines [were] not the product of an empirically demonstrated need for consistently tougher sentencing. Instead, these changes [were] largely the consequence of numerous morality earmarks, slipped into larger bills over the last fifteen years, often without notice, debate, or study of any kind. Congressionally mandated changes were even enacted to prevent the Commission from implementing carefully considered modifications which would have lowered applicable offense levels. *Id.*

5

In sum, given the now general recognition that USSG §2G2.2 does not comport with the intent of the United States Sentencing Commission, it necessarily would be irrational for a court to rely on this Guideline as being in any way consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a).  Accordingly, for the reasons cited above, Mr. Smedile respectfully requests that the Court consider as a mitigating factor the fact that USSG §2G2.2, on its face, provides for harsher sentences than is contemplated by the United States Sentencing Commission.

In Unites States v. Jose Ontiveros, Judge William C. Griesbach, from the Eastern District of Wisconsin writes in his sentencing memorandum, "For the reasons set forth by Judge Adelman in his recent decision in *United States v. Hanson,* WL2486336, at 4-6, I conclude that the guideline provisions relating to child pornography offenses of this nature do not reflect the kind of empirical data, national experience, and independent expertise that are characteristic of the Commission's institutional role.  The review of the development of those provisions and the history of child pornography legislation described in the recently published paper cited by Judge Adelman indicates that the guidelines for these offenses have been repeatedly raised despite evidence and recommendations by the Commission to the contrary so that now less than 5% of the defendant's affected by the changes fall within the classes of mass producers, repeat abusers, and mass distributors that Congress intended to target for the lengthiest sentences.  In this case, *Hanson*, factors that are present in almost all current child pornography cases, i.e., use of a computer, number of depictions, operated to increase the guideline range significantly above the mandatory minimum, even for first offenders with no history of sexually exploiting or abusing minors, or producing, marketing or selling child pornography.  Under these circumstances, I decline to give the Guidelines controlling weight."

Mr. Hanson had a guideline range of 97-121 months and received a 60 month sentence.

Thus, it is submitted that, in light of the above authority and the factors surrounding the instant case and personal characteristics of Mr. Smedile as referred to above, it is respectfully submitted that a sentence of 97 months and 5 years supervised release is more than adequate to provide a sentence that is sufficient, but not greater than necessary to meet the goals of sentencing under *Booker* as well as the primary directive of 18 U.S.C. § 3553(a) in that such a sentence would more than provide just punishment, afford adequate deterrence to criminal

conduct, protect the public from further potential crimes by the defendant and provide the defendant with effective rehabilitative treatment.

## VI.
## THE COMBINATION OF ALL FACTORS CONSTITUTES A MITIGATING CIRCUMSTANCE JUSTIFYING A REDUCED SENTENCE.

The Ninth Circuit has long held that a "combination of factors can together constitute a mitigating circumstance ....."  See *United States v. Cook* (9th Cir. 1991) 938 F.2d 149, 153; *U.S.S.G. section 5K2.0.*

When viewed in the aggregate, the facts of this case support a mitigated sentence.  The defendant now sees the severe consequences of involving himself in this illegal conduct.  His statement of acceptance of responsibility clearly reflects this and his remorse for involving himself in this conduct and for the potential harm it could cause to children.

The defendant submits that the factors described above, as well as those raised in the Probation Officer's Report, support a mitigated sentence.  Therefore, the defendant respectfully requests that the Court consider the above factors in their totality as well as individually when determining what prison sentence it should impose.

## VII.
## THE DEFENDANT REQUESTS THAT THE COURT RECOMMEND THAT HE BE ASSIGNED TO A PRISON CLOSEST TO HIS FAMILY IN LAS VEGAS

The defendant's parents are elderly and live in Las Vegas.  He also has others friends who provide support to him and who live in the Las Vegas area.  Accordingly, the defendant respectfully requests that the court recommend that he be assigned to a prison as close to Las Vegas as possible in order to complete any prison sentence that he receives.

## CONCLUSION

Defendant Frank Smedile requests that the Court consider the mitigating circumstances noted above: that he has led a law abiding life and has been a hard working, contributing member of society, that he did not attempt to trade or send images to others, and that he did not place himself in situations, activities or employment to be near children. Mr. Smedile availed himself of intensive sex offender treatment and was actively participating in treatment when he was most recently arrested. Two psychologists found that Mr. Smedile is not a pedophile, is at a low risk to re-offend and is amenable to treatment.

Thus, a sentence of 97 months imprisonment with five years supervised release is a more than adequate sentence to meet the requirements of *Booker* and its progeny.

**DATED: May 6, 2009**            **Respectfully submitted,**


                              /s/
                              **SETH P. CHAZIN**
                              **Attorney for FRANK LOUIS SMEDILE**

8