GREGORY A. BROWER
United States Attorney
ROGER YANG
Assistant United States Attorney
333 Las Vegas Boulevard South
Fifth Floor
Las Vegas, Nevada 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) 02:08-cr-00199-PMP-PAL |
| Plaintiff, | ) |
| | ) |
| vs. | ) Government's Sentencing Memorandum |
| | ) Date:   June 8, 2009 |
| FRANK LOUIS SMEDILE, | ) Time:   1:30 p.m. |
| | ) Court:  7C |
| Defendant. | ) |

The United States submits this sentencing memorandum under Local Rule 32-1(d) in response to the defendant's sentencing memorandum filed on May 7, 2009.

## INTRODUCTION

Customs agents arrested defendant Frank Smedile on October 3, 2006, when inspection of his laptop and some compact discs revealed suspected child pornography. (PSR ¶¶ 5, 33.) On October 5, 2006, agents executed a search warrant on defendant's Las Vegas home and seized 29 compact discs and some documents from defendant's home. (PSR ¶ 6.) A forensic examination of the compact discs revealed 5 discs contained approximately 50 video files and 239 images of child pornography. (PSR ¶¶ 9, 13.) Among the contraband were images and videos depicting pre-pubescent minors and the penetration of very young children by adults. (PSR ¶¶ 20-21.)

Defendant pleaded guilty to a violation of Title 18, United States Code, Section 2252A(a)(2), receipt of child pornography on February 4, 2009, with a written plea agreement. The plea agreement contemplated an offense level of 30, with an advisory guideline range of 97 to 121 months. The government recommended a low end sentence. The United States Probation Office performed its analysis and calculated an offense level of 30 and recommended a sentence of 97 months, a $15,000 fine, a $100 special assessment, and a lifetime term of supervised release.

## THE PLEA AGREEMENT

It appears that the defendant is asking for mitigation and a downward departure from the Sentencing Guidelines as contemplated by the plea agreement. *See* Defendant's Sentencing Memorandum at 5-7. It appears that therefore, the defendant is rejecting the plea agreement. *See* Plea Agreement at 3:22. To the extent that the defendant is not rejecting the plea agreement, the United States believes that the sentence contemplated by the plea agreement and recommended in the pre-sentence report is both necessary and proper after consideration of the factors in Title 18, United States Code, Section 3553(a), and this Court should accept the plea and sentence the defendant to a term of 97 months' imprisonment with lifetime supervision. The plea agreement is governed by Fed. R. Crim. P. 11(c)(1)(C).

## ARGUMENT

I. A Lifetime Term of Supervised Release Is Necessary and Appropriate.

A district court's imposition of a lifetime term of supervised release is reviewed for reasonableness. *United States v. Cope*, 527 F.3d 944, 950 (9th Cir. 2008). United States Sentencing Guidelines ("Sentencing Guidelines" or "USSG"), section 5D1.2(b)(2), authorizes a term of supervised release of up to life for sex offenses. The policy statement for §5D1.2 states "If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended." As an offense under Title 18, chapter 109B, receipt of child pornography is a sex offense for the purposes of §5D1.2. *See* U.S. Sentencing Guidelines Manual § 5D1.2 cmt. n.1. The Ninth Circuit has stated that both 18 U.S.C. § 3583(k), authorizing a minimum term of 5 years of

2

supervised release for offenses involving minor victims, and the accompanying policy statement reflect "the judgment of Congress and the Sentencing Commission that a lifetime of supervised release is appropriate for sex offenders in order to protect the public." *United States v. Daniels*, 541 F.3d 915, 923 (9th Cir. 2008). Indeed, 18 U.S.C. § 3553(a)(5)(A) requires the Court to consider the pertinent policy statement when imposing its sentence.

Defendant argues that the Court should impose the minimum term of supervised release, five years, rather than lifetime supervision based on the evaluations of two psychologists. Courts have routinely dismissed self-interested self-reporting of a defendant's sexual interest in children, and imposed lifetime supervision to punish the offenders, help rehabilitate them, and protect the public from future crimes. *Daniels*, at 924. In addition, given the defendant's admitted interest in "thrill" or "shock" pornography, a lifetime of supervised release would help in making sure the defendant does not relapse into thrill-seeking or shock-seeking behavior. *Id*. (noting need for lifetime supervision to address addictive behaviors). Imposition of a lifetime term of supervised release would greatly aid probation in monitoring and ensuring that the temptations that lead the defendant to commit this crime, and also to travel to Thailand in search of similar material, do not lead him to re-offend. *Id*.

II. The Probation Officer Properly Applied the 18 U.S.C. § 3553(a) Factors and Guidelines.

Title 18, United States Code, Section 3553(a) requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. When considering the need for a sentence imposed, Congress directed the courts to consider the need: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant;

3

and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In general, these sentencing goals are accomplished through the application of the Sentencing Guidelines. 18 U.S.C. § 3553(b)(1).

In this case, the plea agreement and the Probation Office are in agreement regarding the proper application of the advisory Sentencing Guidelines. Although the defendant takes issue with the use of 75 images to convert video files to images and argues that treating a video as 75 images overstates the seriousness of the offense conduct, however, each video of child pornography contains multiple images of child pornography by its very nature and the Sentencing Commission's attempt to account for video files is not only reasonable, but may under-represent the true number of frames in each video file. *See* U.S. Sentencing Guidelines Manual § 2G2.2(b)(7) and cmt. n.4(B)(ii) (noting that a video longer than 5 minutes may warrant an upward departure). As noted by the Sentencing Commission, the use of 75 images was a direct response to the PROTECT Act's directive to create a specific offense characteristic based on the number of images, and an effort to prevent double counting of items. U.S. Sentencing Guidelines Manual app. C supp. (2007) at 59-60. Considering the minimum standard for video is 15 frames per second, giving credit for only six seconds of video is awfully generous. *See* Working with Digital Video : frames per second, sound sample http://nmc.northwestern.edu/tilt/web/video/framespersecond.html (last retrieved May 20, 2009 at 4:40p.m., discussing video frame rates).

In this case, a low-end sentence within the Sentencing Guideline range satisfies the factors mandated by 18 United States Code, Section 3553(a), by taking into account the offense behavior, the history and characteristics of the defendant, the kinds of sentence available and their appropriate ranges, and the need to avoid unwarranted sentencing disparities. The defendant's statement of acceptance of responsibility as included in the Pre-Sentence Report justify a low-end sentence. The nature of the images and videos the defendant possessed, however, justify a sentence higher than the baseline for receipt of child pornography. Receipt of child pornography is a serious offense, and Congress has expressed its desire to incarcerate offenders by imposing mandatory

minimum sentences. Therefore, the United States concurs in Probation's recommendation that the Court impose a 97 month sentence with lifetime supervision to follow.

III. <u>Defendant Agreed to the Application of the Sentencing Guidelines</u>.

Defendant included in his sentencing memo a broad-based attack on the Sentencing Guidelines based on an article published by an Assistant Federal Public Defender (the Stabenow article). In addition, defendant cites cases where the district courts either ignored or departed downward from the guideline ranges based solely on the Stabenow article. The defendant asks the Court to consider refinements to the Sentencing Guidelines "as a mitigating factor" in sentencing the defendant. To the extent that the defendant is asking the court to ignore the Sentencing Guidelines range, it appears to the Government that the defendant has rejected the plea agreement. *See* Plea Agreement at 3:22.

Regardless, the Sentencing Guideline range reflects the actual amendments and changes adopted by the Sentencing Commission, and the current ranges reflect express Congressional mandates to increase punishments to reflect the seriousness of these offenses and adjust to the changing nature and means of committing child pornography offenses.[1] The Stabenow article argues that the historical increase in guideline ranges was not based on empirical research, but on hysteria and arguments from religious groups. The Stabenow article ignored, however, the fact that Congress and the Sentencing Commission used statistics from actual federal prosecutions in adjusting the sentencing guidelines over the years based on statistics from the Federal Justice Statistics Resource Center.[2] The Stabenow article also mischaracterizes express Congressional action in 1995 and 1996

---

[1] For example, Congress expressed its intent that these crimes should be considered serious crimes in the Crime Control Act of 1990 (criminalizing possession of child pornography and establishing mandatory minimums), and the Crime Control Act of 1991 (laying out factual findings supporting increased sentences).

[2] Additional *empirical* data supporting the current Sentencing Guideline ranges is available from the National Center for Missing and Exploited Children at http://us.missingkids.com/en_US/publications/NC144.pdf.

to increase penalties on producers and defendants with prior sex offense convictions as increases in the baseline offense levels for possessors.[3] In short, the Sentencing Guideline ranges as adopted by the Sentencing Commission are still based on empirical data from federal prosecutions of possession and receipt of child pornography. The ranges, as adopted, also reflect express Congressional intent that such possession and receipt of child pornography should be treated as a serious crime that is a growing problem.

Receipt of child pornography is a serious crime. By accessing the Internet in search of child pornography, defendant directly contributed to the demand for this harmful contraband. Demand for child pornography leads to the production and supply, meaning more children will be molested to create more images. *United States v. Adams*, 343F.3d 1024, 1032 (9th Cir. 2003); 136 Cong. Rec. at S4730 ("those who possess and view child pornography encourage its continual production and distribution"). *See also* Sen. Rep. 95-438 at 5 (1977) (child pornography highly organized multimillion dollar industry operating on nationwide scale). Additionally, in terms of the harm done to the children depicted in child pornography images, the Ninth Circuit determined that the "distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children. . . . [T]he materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *United States v. Boos*, 127 F.3d 1207, 1211 (9th Cir. 1997), *quoting New York v. Ferber*, 458 U.S. 747, 759 (1982). The scope of the problem has only grown since 1977, when the Supreme Court recognized the scope of the problem in *Ferber*, 458 U.S. at 756-64, with the easy access of computers and the Internet. *See* Janis Wolak, David Finkelhor, and Kimberly J. Mitchell, *Child-Pornography Possessors Arrested in Internet-Related Crimes: Findings From the National Juvenile Online Victimization Study*, National

---

[3] The Sex Crimes Against Children Prevent Act of 1995 did mandate additional enhancements for using computers to adjust for the increasing use of the Internet to commit child pornography offenses. Computer based enhancements were based on the evolving nature of the technology used to commit these offenses and officially recognized by the Sentencing Commission. *See Sentencing Commission 2006 Report*, at 28-29.

Center for Missing & Exploited Children (2007) at 7-9.

Although now advisory, the Sentencing Guidelines remain "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, __ U.S. __, 128 S.Ct. 586, 596 (2007). The defendant agreed to the calculations under the Sentencing Guidelines for the purposes of determining his sentence. The United States Probation Office and the government are in agreement that there are no extraordinary circumstances in this case to justify a downward departure or variance from the advisory Sentencing Guideline range. Therefore, the United States recommends that the court impose a sentence of 97 months with lifetime supervision.

IV. The "Misty" Series Restitution Request.

The United States received a request from the victim of the "Misty" series for restitution in the amount of $3.4 million prepared by an attorney for the victim, James Marsh. Defendant possessed six images from the "Misty" series. (CVIP/NCMEC Report at 12.) The United States has provided a copy of the request to defense counsel and to the probation officer. It is the government's understanding that Mr. Marsh has filed similar requests in districts across the country. If the Court wishes, the United States will brief the issue of restitution for the Court.

**CONCLUSION**

Receipt of child pornography is a serious crime with broad-ranging social costs and individual consequences for its victims. To the extent the defendant still wants the benefits of the plea agreement, the United States believes that a sentence of 97 months, with lifetime supervision to follow, is the necessary and appropriate sentence.

DATED this 29th day of May 2009.

                    Respectfully Submitted,

                    GREGORY A. BROWER
                    United States Attorney

                    /s/ Roger Yang

                    ROGER YANG
                    Assistant United States Attorney

**ELECTRONIC CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee of the United States Attorney's Office, District of Nevada, and that on this day a copy of the foregoing **GOVERNMENT'S SENTENCING MEMORANDUM** was served electronically (ECF) on the following:

    Seth P. Chazin
    1164 Solano Avenue
    Albany, CA 94706

    /s/ Pamela J. Mrenak
    PAMELA J. MRENAK
    Legal Assistant

Dated: May 29, 2009.