**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No.: 2:08-cr-00199-JAD-PAL |
| Plaintiff | |
| v. | **Order Denying Motion for Early Termination of Supervised Release** |
| Frank Louis Smedile, | [ECF No. 55] |
| Defendant | |

Frank Smedile is five years into a ten-year term of supervision after completing a 97-month sentence for receipt of child pornography.[1]  Smedile now moves for early termination of his supervision period, citing his full compliance with all conditions of supervision, the successful completion of his rehabilitative treatment, and his desire to travel out of state for business.[2]  The government opposes his motion, noting that supervisees are expected to be fully compliant with their supervisory terms and that those terms do not inhibit Smedile's out-of-state business travel.  While the court is encouraged by Smedile's performance, it does not find that he has established a basis for early termination and denies his motion.

**Discussion**

"After considering a subset of the sentencing factors set forth in 18 U.S.C. § 2553(a), a court may terminate a term of supervised release" after the expiration of the first year of supervised release if the court "'is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"[3]  Section 2553(a) factors include the nature and

---

[1] ECF No. 52 (judgment).

[2] ECF No. 55 (motion for early termination of supervised relief).

[3] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)).

circumstances of the offense; the defendant's history and characteristics; the need to deter criminal conduct, protect the public from the defendant's further crimes, and give the defendant needed resources that the probation office can provide; the sentence and sentencing range; and the need to avoid unwarranted sentencing disparities.[4]  Generally, "[i]t is [the] defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release."[5]  "This is usually accomplished by alerting the district court to 'unforeseen' or 'changed circumstances' that implicate [the] initial sentencing decision and analysis."[6]

Smedile has not demonstrated that early termination is warranted.  Many of the bases Smedile proffers for early termination—including the nature of his offense, his criminal history, likelihood of recidivism, and mental-health treatment—were already considered by the judge in his initial sentencing determination[7] and "cannot possibly merit relief" under § 3583(e)(1).[8]  Smedile's crimes are serious: his demand for child pornography encouraged the production and distribution of further pornography.[9]  He was also already given the low end of his sentencing

---

[4] 18 U.S.C. §§ 3553(a), 3583(e)(1).

[5] *Emmett*, 749 F.3d at 824 (Nguyen, J., dissenting on other grounds) (citing *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006) ("[C]ourts have required the defendant, as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified.")).  Smedile asserts that the Supreme Court's decision in *Tapia v. United States*, 564 U.S. 319 (2011), somehow altered this standard.  *See* ECF no. 55 at 7–8.  It did not.  *Tapia* merely indicated that the Sentencing Reform Act precluded courts from lengthening a defendant's prison term to promote rehabilitation and had no effect on the standard of proof for early termination motions.  *Tapia*, 564 at 327.

[6] *Emmett*, 749 at 824 (Nguyen, J., dissenting) (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)).

[7] *See* ECF No. 39 at 3–8 (sealed); *see also* ECF No. 48 at 2 (noting that his private evaluators determined he was unlikely to recidivate and he did not commit pedophilia).

[8] *Emmett*, 749 at 824 (Nguyen, N., dissenting) (citing *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008)).

[9] *United States v. Adams*, 343 F.3d 1024, 1032 (9th Cir. 2003) (quoting 136 Cong. Rec. at S4730)).

2

range and a ten year supervisory period, instead of a lifetime supervisory period.[10]  Each of these factors counsels against granting early termination.

Smedile's three new justifications—namely, that he has complied with his supervised release terms, completed his sex-offender treatment program, and would like to travel out of state to purchase rental properties[11]—do not tip the balance of § 3553(a) factors in favor of early termination.  Perfect compliance does not justify a reduction in a supervised-release term because "[i]t is a supervisee's obligation to strictly comply with the terms of supervised release."[12]  And, as the government points out in its undisputed opposition, Smedile only finished his treatment a few weeks ago and it is premature to assume he will not recidivate absent consistent counseling.[13]  Finally, the terms of Smedile's supervision do not tangibly limit his ability to travel out of state to purchase or manage his rental properties.[14]  The court thus cannot conclude that the § 3553(a) factors or the interests of justice support an early termination of Smedile's supervision.

## Conclusion

The sentencing judge saw fit to impose a ten-year term of supervised release as part of Smedile's sentence.  Smedile has not demonstrated that a reduction of his term is warranted.  IT

---

[10] *See* ECF No. 52.

[11] *See* ECF No. 55.

[12] *See United States v. Misraje*, 888 F.3d 1113, 1116 (9th Cir. 2018).

[13] *See* ECF No. 58 at 6 ("We have not seen how Smedile will behave without consistent treatment and this treatment may very well be one of the reasons he has not re-offended."); *see also* ECF No. 55 at 16 ("His progress and overall risk level to the community can only be based on his willingness to utilize the treatment techniques and his ability to live within the community in an appropriate manner.").

[14] ECF No. 58 at 5 ("Smedile is free to travel anywhere in the State of Nevada.  He can also travel out of state for short periods of time with his probation officer's approval . . . .  Smedile is not limited to this 'one-industry city' like he claims . . . .").

IS THEREFORE ORDERED that Smedile's motion for early termination of his supervised release term **[ECF No. 55] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
October 1, 2020